**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| EILEEN M. GLICK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. TOY CO. INC.,<br><br>Defendant. | Case No. 00-CV-434 JMR/~~FLN~~ SRN |

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, Eileen M. Glick ("Glick") and U. S. Toy Co., Inc. ("U. S. Toy") each believes that certain information which is or will be encompassed by discovery obtained from each other and from third parties may constitute trade secrets or other confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c); and

WHEREAS, each of the foregoing parties believes that it would serve its interest to conduct discovery under a protective order pursuant to Rule 26 (c);

IT IS HEREBY ORDERED that:

1. This Protective Order shall apply to all information, documents and things subject to discovery in this Action which are owned or controlled by Glick and U. S. Toy, and related entities of any of them (which hereafter are included in references to Glick and U. S. Toy), or third parties and believed



FILED 8/14/00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

by any entity providing the discovery to contain trade secrets or other confidential research, development of commercial information within the meaning of Rule 26(c) (hereinafter "CONFIDENTIAL MATERIALS"), including without limitation, testimony adduced at deposition upon oral examination or upon written questions pursuant to Rules 30 and 31, answers and documents responsive to interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36. CONFIDENTIAL MATERIALS shall include all information, documents and things referring or relating to the foregoing and subject to discovery, including but not limited to copies, summaries or abstracts of the foregoing. This protective order shall apply only to information, documents and things learned or obtained by a party as a result of discovery or other proceedings in this litigation, and shall not apply to information, documents or things learned or obtained by a party in any other manner.

2. Glick or U. S. Toy, or a third party shall label or mark documents and things that it produced in discovery and deems to be CONFIDENTIAL MATERIALS with the following term:

"CONFIDENTIAL"

Such labeling or marking shall be made when a copy of the document or thing is provided to the discovering party, and unless so

labeled or marked, and confidentiality is waived in this proceeding unless otherwise stipulated or ordered or unless the disclosure, if inadvertent, is corrected pursuant to Paragraph 2(a). The failure to label or mark an item CONFIDENTIAL will not in any manner be deemed an admission by the producing entity of lack of proprietary interest or confidentiality of such item in any other matter except for this litigation.

(a) The inadvertent or unintentional disclosure by the supplying party of confidential information regardless of whether the information as designated "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUSEL ONLY" at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the CONFIDENTIAL MATERIALS.

(b) The inadvertent or unintentional disclosure or production of any document or confidential information shall be without prejudice to any claim that the material is privileged or is protected from discovery as work product, and the parties shall not be held to have waived any privilege or work product claims solely by virtue of such disclosure or production.

3. In the case of depositions upon oral examination or written questions of present or former employees, agents, consultants or testifying experts of Click and U. S. Toy, and related entities, or third parties, the entire testimony of the witness shall be deemed CONFIDENTIAL MATERIALS until the expiration of thirty (30) days after the receipt by counsel for the party or third party representing the witness of the transcript of the deposition. If counsel representing the witness believes that the deposition transcript or portions thereof constitute CONFIDENTIAL MATERIALS, said counsel shall designate in writing to all counsel within that 30-day period, or cause the certified reporter to designate at the time of the deposition, the specific pages and lines constituting such CONFIDENTIAL MATERIALS. Unless so designated, any confidentiality is waived after the expiration of the 30-day period unless otherwise stipulated or ordered.

4. CONFIDENTIAL MATERIALS shall be deemed confidential, unless and until the parties stipulate in writing or this Court rules to the contrary, and access thereto or dissemination thereof shall be limited, unless and until this Court rules that there may be further disclosure, to:

(a) Partners and associates of counsel in this Action (and their employees) whose functions require access to CONFIDENTIAL MATERIALS, and as to CONFIDENTIAL MATERIALS supplied

by a third party, counsel representing the third party or witness that supplied the CONFIDENTIAL MATERIALS. As used in this Protective Order "counsel of record in the Action" shall mean (i) the firm of Patterson, Thuente & Skaar, P.A., representing Glick and (ii) the firms of Chase & Yakimo, L.C. and Merchant & Gould, P.C., representing U. S. Toy. Legal assistants and case assistants specially employed by counsel of record in this Action shall sign an undertaking in the form of Exhibit A attached hereto before being provided access to CONFIDENTIAL MATERIALS, and counsel shall retain in his or her files the original of each such signed undertaking.

(b) Ms. Eileen M. Glick and one employee executive of U. S. Toy, Inc. Disclosure to such persons shall be made only on the following conditions:

(i) Counsel desiring to disclose CONFIDENTIAL MATERIALS to such persons shall first obtain a signed undertaking in the form of Exhibit A attached hereto from each such person, and such counsel shall retain in his or her files the original of each such signed undertaking.

(ii) Counsel shall forward a copy of the signed undertaking to each opposing counsel. No CONFIDENTIAL MATERIALS shall be disclosed to such person until after the expiration of a ten (10) day period commencing with the receipt by opposing counsel of a copy of the signed undertaking of such

person; provided, however, that if during that ten (10) day period counsel receives from opposing counsel an objection to such disclosure, there shall be no disclosure of CONFIDENTIAL MATERIALS to such person except by further order of the Court. If objection is made, the party opposing disclosure shall move within 10 days of the objection for an order precluding the disclosure. If no such motion is made, the objection shall be deemed withdrawn and disclosure may be made.

(c) Outside experts or consultants (including their employees) for each of Glick and U. S. Toy; provided that disclosure to such outside experts or consultants and their employees shall be made only on the following conditions:

(i) Counsel desiring to disclose CONFIDENTIAL MATERIALS to such experts or consultants shall first obtain a signed undertaking in the form of Exhibit A attached hereto from each such expert or consultant and such counsel shall retain in his or her files the original of each signed undertaking.

(ii) Counsel shall forward a copy of the signed undertaking for that expert to opposing counsel. No CONFIDENTIAL MATERIALS shall be disclosed to such expert or consultant until after expiration of a ten (10) day period commencing with the receipt by opposing counsel of a copy of the signed undertaking of such expert or consultant; provided,

however, that if during that ten (10) day period such counsel receives from opposing counsel and objection to such disclosure, there shall be no disclosure of CONFIDENTIAL MATERIALS to such expert or consultant, except by further order of the Court. If objection is made, the party opposing disclosure shall move within 10 days of the objection for an order precluding the disclosure. If no such motion is made, the objection shall be deemed withdrawn and disclosure may be made.

5. CONFIDENTIAL MATERIALS related to the following subjects and requiring extraordinary confidentiality may further be marked "OUTSIDE COUNSEL ONLY": (i) previously undisclosed research; (ii) financial information; (iii) customer identification; (iv) trade secrets; (v) previously undisclosed manufacturing methods, and/or any other information of a similar character. Unless and until this Court rules that there may be further disclosure, access to or dissemination of CONFIDENTIAL MATERIALS marked OUTSIDE COUNSEL ONLY shall be limited to the persons designated in paragraphs 4(a) and (c) above.

6. CONFIDENTIAL MATERIALS shall not be made public by the receiving party of divulged to anyone other than the persons entitled to access under paragraph 4. CONFIDENTIAL MATERIALS shall be used by the receiving party and designated recipients for purposes of this litigation only, and for no commercial purpose whatsoever, whether during or subsequent to this action. If

CONFIDENTIAL MATERIALS are to be filed with the Court in connection with any proceedings wherein, they shall be filed with the Clerk of Court in sealed envelopes prominently marked with the caption of the case and the notation:

> "Contains Confidential Information Filed Under Seal Pursuant To the Protective Order of [date]. To Be Opened By Or As Directed By The Court."

Nothing in this Protective Order shall preclude court officials, jurors or any certified reporter retained to transcribe depositions in this litigation from access to designated CONFIDENTIAL MATERIALS as required to perform their official duties during judicial proceedings or depositions in this litigation.

7. Nothing in this Protective Order shall require disclosure of materials which a party contends is not subject to discovery or protected from disclosure by the attorney-client privilege or the attorney work-product immunity. This shall not preclude any party from moving the Court for an order directing the disclosure of such material.

8. The acceptance by Glick and U. S. Toy of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that CONFIDENTIAL MATERIALS are, in fact, confidential. This Protective Order shall not foreclose any party from moving this Court for an order that CONFIDENTIAL MATERIALS are not, in fact, confidential.

9. This Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modifications of this Protective Order, subject to the approval of the Court. If any motion is brought relating to this Protective Order, whether under this paragraph or otherwise, the burden of proof and persuasion will be on the party or third party that would bear that burden but for the existence of this Order.

10. CONFIDENTIAL MATERIALS may be used in testimony at trial, at any motion hearing, and at depositions and may be offered in evidence at trial or at any motion hearing, all subject to any further Order regarding confidentiality as this Court my enter, and may be used to prepare for an conduct discovery, to prepare for trial and to support or oppose any motion, all subject to the provisions of this Protective Order, but may not by used for any other purpose except as expressly provided herein or by further Order of the Court.

11. Though CONFIDENTIAL MATERIALS from this action may not be used for such purposes, this Protective Order shall not preclude a party from enforcing its rights against any party or non-party believed to be violating the rights of any party.

12. In the event that a party desires to provide access to or disseminate CONFIDENTIAL MATERIALS to any person not

entitled to access under paragraph 4 or to provide access to or disseminate CONFIDENTIAL MATERIAL marked OUTSIDE COUNSEL ONLY to any person not entitled to access under paragraph 4 or 5, it may move the Court for an Order that such person be given access thereto if the parties cannot agree to such additional access or dissemination. In the event that the motion is granted, such person may have access to CONFIDENTIAL MATERIALS or to CONFIDENTIAL MATERIAL marked OUTSIDE COUNSEL ONLY after signing an undertaking in the form of Exhibit A attached hereto, a copy of which shall be forwarded promptly thereafter to opposing counsel.

13. After final termination of the Action, receiving counsel may retain one copy or sample of the CONFIDENTIAL MATERIALS produced by another party for reference in the event of a dispute over the use or dissemination of information and may retain CONFIDENTIAL MATERIALS only to the extent they include or otherwise reflect attorneys' work product. After final termination of this Action, receiving counsel shall return or destroy all additional CONFIDENTIAL MATERIALS in his or her custody, or the custody of any person to whom counsel forwarded CONFIDENTIAL MATERIALS. Within 60 days after final termination of the Action, each party's counsel shall certify to opposing counsel that he or she has complied with this paragraph.

14. Insofar as the provisions of this Protective Order entered in this action restrict the communication and use of the

documents produced thereunder, this Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on use of non-confidential documents that have been used as exhibits in open Court; and (b) a party may seek the written permission of the other party or further order of this Court, after notice to the other party and opportunity to be heard, with respect to dissolution or modification of this Protective Order.

15. Restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS shall not apply to any information which (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by a receiving party, or (iii) has come or shall come into the receiving party's legitimate possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions between parties allowed access to CONFIDENTIAL MATERIALS as identified in Paragraph 4 and any person of any CONFIDENTIAL MATERIALS if said person already has or obtains legitimate possessions thereof, is the originator of the CONFIDENTIAL MATERIALS, or is identified on a written document as having authored or received a copy of it. Prior to any such discussions, however, said person shall be required to sign an undertaking in the form of Exhibit A in the same manner as set forth in 2(b) and 2(c).

16. If counsel of Glick or U. S. Toy, or a third party witness believes that any question or questions that will be put to a witness at a deposition upon oral examination will disclose CONFIDENTIAL MATERIALS, or that answers to any question or questions will require such disclosure, or if CONFIDENTIAL MATERIALS will be used as exhibits during examination, such counsel shall so notify all other counsel, and the portions of the deposition in which CONFIDENTIAL MATERIALS will be disclosed shall be taken only in the presence of the witness alleged or claiming to be the author or a recipient of the CONFIDENTIAL MATERIALS, the witness' counsel of record, the reporter, and, depending on the designation of the materials, person entitled to access to the CONFIDENTIAL MATERIALS under paragraph 4 or 5.

17. No copy of any transcript of any deposition taken by either party which is designated in part or in whole as CONFIDENTIAL MATERIALS in accordance with paragraph 3 hereof shall be shown or furnished by the reporter to any person other than to counsel identified in paragraph 4(a) hereof and the deponent. The original of any transcript of any deposition designated as CONFIDENTIAL MATERIALS in accordance with paragraph 3 shall be filed with the court under seal in accordance with paragraph 6 hereof, unless otherwise stipulated by the parties.

18. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with

respect to this litigation and in the course thereof, referring to or relying upon his examination of CONFIDENTIAL MATERIALS; provided, however, that in rendering such advice and in otherwise communicating with his clients, the attorneys shall not disclose the contents or the source of any CONFIDENTIAL MATERIALS.

Dated this 14th day of ~~July~~ August, 2000.

Minnesota District Judge

Agreed to for Eileen M. Glick:

By: ______________________________

Randall T. Skaar
Eric H. Chadwick
T. Michael Davis
80 South 8th Street
Suite 4800
Minneapolis, Minnesota 55402

Agreed to U. S. Toy Co., Inc.:

By: ______________________________

Michael Yakimo, Jr.
Ginnie Chase Derusseau
James J. Kernell
CHASE & YAKIMO, L.C.
4400 College Boulevard
Suite 130
Overland Park, Kansas 66211

Jeffer Ali
MERCHANT & GOULD, P.C.
Suite 3100
90 South Seventh Street
Minneapolis, Minnesota 55402

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

EILEEN M. GLICK, )
)
Plaintiff, )
)
v. ) Case No. 00-CV-434 JMR/~~ELN~~ SRN
)
U.S. TOY CO. INC., )
)
Defendant. )
)

I, ______________________, hereby declare under penalty of perjury that:

1. My address is ______________________________________________________________.

2. My present employer is ______________________________________________________________

and the address of my present employer is ______________________________________________________________.

3. My present occupation or job description is ______________________________________________________________.

4. I have received a copy of the Protective Order in this Action signed by United States Judge __________ on ____________.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

Appendix A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 3/98